# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>BAYOU STEEL BD HOLDINGS, LLC et al,<br>　　　　　Debtors. | Chapter 7<br><br>Case No. 19-12153 (KBO)<br><br>Jointly Administered |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of Bayou Steel BD Holdings, L.L.C., et al.,<br><br>　　　　　Plaintiff<br>vs.<br>QUALITY MACHINE WORKS, INC.,<br><br>　　　　　Defendant | Adv. Proc. No. 21-50220 (KBO) |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## QUALITY MACHINE WORKS, INC.

**COMES NOW**, Quality Machine Works, Inc., ("***Defendant***") who responds to the allegations made by George L. Miller, Chapter 7 Trustee for the Estates of Bayou Steel BD Holdings L.L.C., et al. (the "***Trustee***" or "***Plaintiff***") in the above captioned bankruptcy matter in his Complaint ("***Complaint***") as follows:

### DEFENDANT'S ANSWER

1.

The allegations contained in Paragraph 1 of the Complaint are admitted to the extent the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code on October 1, 2019 and the Debtors' cases are jointly administered for procedural purposes.

2.

The allegations contained in Paragraph 2 of the Complaint are admitted to the extent the Debtors' cases were converted to chapter 7 on February 25, 2020 and Plaintiff was appointed as

trustee on the same date. The second sentence of Paragraph 2 contains a legal conclusion which does not require a response by Defendant.

3.

The allegations contained in Paragraph 3 of the Complaint are admitted to the extent that Defendant admits that it is a corporation formed under the laws of the State of Louisiana. The remaining allegations of Paragraph 3 are denied. Defendant's principal office address is 32838 LA. 642 North, Paulina, Louisiana 70763.

4.

Paragraph 4 of the Complaint contains a legal conclusion which does not require a response by Defendant. However, to the extent that a response is necessary and acting out of an abundance of caution, any and all allegations contained in Paragraph 4 are denied.

5.

Paragraph 5 of the Complaint contains a legal conclusion which does not require a response by Defendant. However, to the extent that a response is necessary and acting out of an abundance of caution, any and all allegations contained in Paragraph 5 are denied.

6.

Paragraph 6 of the Complaint contains the Plaintiff's affirmation, pursuant to Local Bankruptcy Rule 7008-1, consenting to entry of final orders or judgments by the Bankruptcy Court and, therefore, requires no response from Defendant. However, to the extent that a response is deemed required, any and all allegations contained in Paragraph 6 of the Complaint are denied for lack of sufficient information upon which to premise a reasonable belief of the truth asserted therein.

7.

Paragraph 7 contains a legal conclusion which does not require a response by Defendant. However, to the extent that a response is necessary and acting out of an abundance of caution, any and all allegations contained in Paragraph 7 are denied.

8.

Paragraph 8 of the Complaint contains conclusions of law and conclusory allegations to which no response is required.

9.

The allegations contained in Paragraph 9 of the Complaint are admitted to the extent that the Debtors made certain payments to Defendant and are identified on Exhibit A attached to the Complaint.

10.

The allegations contained in Paragraph 10 of the Complaint are admitted to the extent that the Debtors made certain payments to Defendant and are identified on Exhibit A attached to the Complaint. Defendant further admits that the aggregate amount of the Transfers is not less than $60,452.00.

11.

Paragraph 11 of the Complaint contains conclusions of law which do not require a response by Defendant. Defendant admits that Plaintiff send a demand letter to Defendant inviting an exchange of information regarding any potential defenses, but no agreement could be reached.

12.

Defendant repeats and realleges the answers contained in each preceding paragraph of the Answer as though set forth fully herein.

13.

The allegations contained in Paragraph 13 of the Complaint are admitted.

14.

Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 14 of the Complaint; however, out of an abundance of caution, Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.

Paragraph 15 of the Complaint contains conclusions of law and conclusory allegations to which no response is required. However, to the extent a response is necessary and acting out of an abundance of caution, any and all allegations contained in Paragraph 15 of the Complaint are denied.

16.

The allegations contained in Paragraph 16 of the Complaint are conclusory and therefore no response can be made. To the extent a response is required, the allegations are denied.

17.

The allegations contained in Paragraph 17 of the Complaint are conclusory and therefore no response can be made. To the extent a response is required, the allegations are denied.

18.

Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 18 of the Complaint; however, out of an abundance of caution, Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.

Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 19 of the Complaint; however, out of an abundance of caution, Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.

The allegations contained in Paragraph 20 of the Complaint are admitted.

21.

Paragraph 21 of the Complaint contains conclusions of law to which no response is required. However, to the extent a response is necessary and acting out of an abundance of caution, any and all allegations contained in Paragraph 21 of the Complaint are denied.

22.

Defendant repeats and realleges the answers contained in each preceding paragraph of the Answer as though set forth fully herein.

23.

Paragraph 23 of the Complaint contains conclusions of law to which no response is required.

24.

Paragraph 24 of the Complaint contains conclusions of law to which no response is required.

25.

The unnumbered paragraph, including subsections (a) through (c), immediately following Paragraph 24 contains a prayer for relief which requires no response from Defendant. However, to the extent a response is deemed required, any and all allegations contained in this paragraph,

including those contained in subsections (a) through (c), are denied for lack of sufficient information upon which to premise a reasonable belief of the truth asserted therein.

26.

Any and all allegations not heretofore admitted are denied.

## **DEFENDANT'S AFFIRMATIVE DEFENSES**

AND NOW, further responding, Defendant sets out the following Affirmative Defenses:

### AFFIRMATIVE DEFENSE NO. 1

Plaintiff has failed to state a claim upon which relief can be granted.

### AFFIRMATIVE DEFENSE NO. 2

Plaintiff's claims are barred, waived, or otherwise precluded by virtue of the doctrines of acquiescence, waiver, consent, and/or estoppel.

### AFFIRMATIVE DEFENSE NO. 3

The Plaintiff may not avoid under § 547 the alleged transfers to the extent that such transfers were to or for the benefit of a creditor, to the extent that, after such transfers, such creditor gave new value to or for the benefit of the debtors--(A) not secured by an otherwise unavoidable security interest; and (B) on account of which new value the debtors did not make an otherwise unavoidable transfer to or for the benefit of such creditor.

### AFFIRMATIVE DEFENSE NO. 4

The Plaintiff may not avoid under § 547 the alleged transfers to the extent that such transfers were in payment of a debt incurred by the debtors in the ordinary course of business or financial affairs of the debtor and the transferee; made in the ordinary course of business or financial affairs of the debtor and the transferee; or made according to ordinary business terms.

## AFFIRMATIVE DEFENSE NO. 5

The Plaintiff may not avoid under § 547 the alleged transfers to the extent that such transfers were intended by the debtors and the creditor to or for whose benefit such transfers were made to be a contemporaneous exchange for new value given to the debtors; and in fact a substantially contemporaneous exchange.

## AFFIRMATIVE DEFENSE NO. 6

The debtors were not insolvent at the time the alleged transfers took place, and the alleged transfers neither caused nor increased the debtors' insolvency.

## AFFIRMATIVE DEFENSE NO. 7

Defendant expressly reserves any and all rights allowed and/or provided to Defendant pursuant to 11 U.S.C. § 502(h).

## AFFIRMATIVE DEFENSE NO. 8

To the extent that Defendant can be found liable to Plaintiff, Defendant asserts that any damages arising from such liability would be extinguished or reduced by application of the doctrine of set-off.

## AFFIRMATIVE DEFENSE NO. 9

Defendant expressly reserves the right to assert additional defenses, affirmative or otherwise, as additional facts are revealed during discovery.

**WHEREFORE**, Defendant prays that these answers and affirmative defenses to the Plaintiff's Complaint be deemed good and sufficient, and that after all due proceedings are had, the claims of Plaintiff be dismissed, with prejudice, all at Plaintiffs' cost.

Dated: May 3, 2021                  **MORRIS, NICHOLS, ARSHT AND TUNNELL LLP**

*/s/ Joseph C. Barsalona II*
Andrew R. Remming (No. 5120)
Joseph C. Barsalona II (No. 6102)
1201 N. Market St., 16th Floor
Wilmington, DE  19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
aremming@morrisnichols.com
jbarsalona@morrisnichols.com

-and-

**STEWART ROBBINS BROWN & ALTAZAN LLC**
Paul Douglas Stewart, Jr. (*admitted pro hac vice*)
Nicholas Smeltz (*admitted pro hac vice*)
301 Main Street, Suite 1640
Baton Rouge, LA  70801
Telephone: (225) 231-9998
Facsimile: (225) 709-9467
dstewart@stewartrobbins.com
nsmeltz@stewartrobbins.com

*Attorneys for Quality Machine Works, Inc.*